**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 31 2013, 10:35 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E.C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES KUCHOLICK, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A05-1305-CR-255 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable William C. Menges, Judge
Cause No. 34D01-0912-FD-1164

**December 31, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant James Kucholick appeals the trial court's revocation of his probation and argues that the trial court erred when it ordered his suspended sentences to be executed. Kucholick admitted to violating his probation, but argues that the trial court erred in ordering his sentences executed when his probation violations consisted of using marijuana, which, Kucholick contends, is something "the majority of Americans don't even thin[k] should be a crime." Appellant's Br. p. 5. Kucholick's flippancy concerning violating Indiana law by using marijuana is simply one more illustration of his disinclination to reform. In light of Kucholick's repeated probation violations, we cannot say that the trial court erred in revoking his probation or ordering the remainder of his suspended sentences to be executed.

FACTS

On July 7, 2006, Kucholick pleaded guilty to class B felony possession of cocaine and was given a fifteen-year sentence, with three and one-half years executed in in-home detention, and the balance suspended to supervised probation. On September 29, 2010, Kucholick pleaded guilty to class D felony possession of marijuana, and was sentenced to two years, with six months executed and eighteen months suspended to supervised probation. This sentence was ordered to run consecutive to Kucholick's sentence for possession of cocaine.

On May 3, 2012, the State filed a petition to revoke Kucholick's suspended sentence for possession of cocaine, and on August 3, 2012, the State filed a petition to revoke his suspended sentence for possession of marijuana. On April 24, 2013, the trial

2

court held a sentencing hearing. It heard evidence that Kucholick's probation officer reported that, out of the eight times Kucholick had been screened for marijuana, he had only passed once. The probation officer also stated that Kucholick sometimes failed to attend support group meetings as required by his probation and that once Kucholick forged his meeting verification sheet. The trial court revoked Kucholick's probation and ordered that his suspended sentences be executed. Kucholick was ordered to serve the remaining 548 days of his sentence for possession of marijuana, with 86 days credited, and the remaining 3,236 days of his sentence for possession of cocaine, with 320 days credit.

Kucholick now appeals.

DISCUSSION AND DECISION

The decision to revoke probation is within the sole discretion of the trial court. Reyes v. State, 868 N.E.2d 438, 440 (Ind. 2007). On appeal, we review that decision for an abuse of discretion. Woods v. State, 892 N.E.2d 637, 639 (Ind. 2008). We consider only the evidence most favorable to the judgment without reweighing the evidence or judging the credibility of the witnesses. Id. If we find there is substantial evidence of probative value to support the trial court's decision that a defendant violated the terms of his probation, this Court will affirm the trial court's decision to revoke probation. Id. at 639-40.

Here, Kucholick admitted that he had violated the terms of his probation by using marijuana. Tr. p. 13-15. As noted above, Kucholick had failed seven out of eight drug

3

screenings and was only sporadic in his attendance of the support group meetings he was required to attend. Appellant's App. p. 36. In light of these circumstances, there was more than sufficient evidence for the trial court to determine that Kucholick had violated his probation, and the trial court did not err when it revoked his probation and ordered that the remainder of his suspended sentences be executed.

The judgment of the trial court is affirmed.

NAJAM, J., and CRONE, J., concur.